UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


KEVIN R. MOSELEY                           CIVIL ACTION NO. 07-0218

VERSUS                                     JUDGE HICKS

US COMMISSIONER SOCIAL                     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


## REPORT AND RECOMMENDATION

**Introduction**

Kevin Moseley ("Plaintiff") applied for Supplemental Security Income payments

based on problems related to a broken back and heart disease.  Plaintiff, who has a 10th-

grade education and past work experience as an auto mechanic, was 43 years old at the time

of his hearing before ALJ W. Thomas Bundy.

The ALJ used the familiar five-step sequential analysis to evaluate the claim of

disability.  See Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).  He found that Plaintiff

(1) was not currently engaged in substantial gainful activity, and that Plaintiff (2) suffered

from severe impairments in the form of a history of congestive heart failure, cardiomyopathy,

high blood pressure, diabetes, and injuries sustained in a motorcycle accident.  The

impairments were not severe enough to (3) meet or medically equal a listed impairment that

would require a finding of disability without further consideration of age, education or

vocational factors.

The ALJ then reviewed the evidence and determined that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work.  That did not permit Plaintiff to (4) return to his past work that was medium in nature, so the ALJ turned to the Medical Vocational Guidelines to determine whether (5) there are other jobs available in the economy that Plaintiff could perform given his RFC and other factors.  Rule 201.25 directed a finding of not disabled.  Tr. 12-20.

The Appeals Council found no basis to review the decision.  Tr. 4.  Plaintiff then filed this civil action seeking review pursuant to 42 U.S.C. § 405(g).  Plaintiff's statement of errors contends that the ALJ did not properly assess Plaintiff's RFC and should have obtained a consultation from a vocational resource.  It is recommended, for the reasons that follow, that the Commissioner's decision be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**The Evidence**

Plaintiff was hospitalized from February 6 to 12, 2004 after he came to the emergency room complaining of shortness of breath.  Plaintiff was stable after he was admitted to the hospital.  A number of tests were conducted.  The discharge diagnosis was congestive heart failure, dilated cardiomyopathy, and uncontrolled hypertension.  The discharge summary states that the physician decided that Plaintiff needed only medical management absent further deterioration of his condition.  Plaintiff was prescribed a number of medications and directed to follow up with the family practice clinic and to see the cardiology clinic in six months.  At discharge, Plaintiff was asymptomatic, in no apparent distress, and "much better than on his admission."  Tr. 105-06.

Plaintiff crashed his motorcycle into a tree later that year and was hospitalized from August 28 to October 6, 2004.  Plaintiff suffered a ruptured spleen, a right tibial plateau fracture, and an L-2 burst fracture.  Surgeries were performed to address the injuries.  The discharge summary stated that the post-operative plan for the right tibial repair was that the patient be non-weight bearing on the right leg for three months followed by exercises and a brace administered by physical therapy.  During the hospitalization, Plaintiff had a couple of episodes of mental status change that involved incoherent speech and repetitive movement of his hands and tremors of his lower extremities.  By the day of discharge, Plaintiff was "doing well with the exception of some mild mental status change overnight."  His physical exam was "within normal limits."  Tr. 93-94.

Two days after Plaintiff was discharged, he was admitted to the Bernice Community Rehabilitation Hospital.  The record contains little documentation from that facility, and it is not clear how long Plaintiff received treatment there.  Tr. 114-18.

Plaintiff testified at the hearing that he could not work because of his back, breathing problems and weakness.  The ALJ asked what Plaintiff's doctors were doing for him, and Plaintiff said they were just trying to regulate his blood pressure and heart problems with medication.  Plaintiff takes insulin to treat his diabetes.  He said he could drive a car and carry groceries.  His leg tingles, and his doctors have told him that he will have to live with that.  Plaintiff estimated that he could be on his feet for only about an hour at a time, and steps or stairs were very hard to negotiate.  Plaintiff was able to perform grocery shopping and housecleaning chores. Tr. 135-45.

After the hearing, Plaintiff was examined by Dr. Robert Holladay, IV, an orthopedic physician.  Plaintiff appeared for the examination wearing a back support.  His motor strength was 5/5 in all muscle groups in the upper extremities.  Plaintiff had a "mild limp" on the right and decreased sensation in the right leg, but he demonstrated "fair balance" and was able to walk without benefit of a cane, crutch or walker.  Dr. Holladay opined that Plaintiff "should be physically capable of sitting and working throughout an 8-hour work day with the use of his upper extremities for grasp, fine manipulation, pushing and pulling, and reaching overhead."  He added that Plaintiff should be capable of "frequently lifting 10 pounds or less."  He stated that Plaintiff could also "do some standing and some walking for

about four hours out of an eight-hour work day" but his walking "should be restricted to under 200 feet at a time before he stops and takes a rest break."  And, Dr. Holladay added, Plaintiff "should avoid climbing, crawling, stooping and a lot of twisting type activities." Tr. 119-22.

**Analysis**

The ALJ relied in large part on Dr. Holladay's findings to support his determination that Plaintiff retained the RFC to perform sedentary work.  Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.  A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is  sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a). Social Security Ruling 83-10 explains that a job involves walking and standing "occasionally" if those tasks generally total no more than about two hours of an eight-hour workday, with the other six or so hours spent sitting.

Plaintiff focuses his first attack on Dr. Holladay's comment that Plaintiff should be restricted to walking 200 feet at a time "before he stops and takes a rest break."  The ALJ did not incorporate any such limitation in his RFC, finding only that Plaintiff could perform sedentary work.  A sedentary job, as discussed above, involves sitting, with only a "certain amount of walking and standing" with those tasks generally totaling no more than two hours per work day, with the other six hours spent sitting.   The limitations suggested by

Dr. Holladay do not preclude Plaintiff from performing such work, so the ALJ's decision is supported by substantial evidence in this respect. Plaintiff also interprets the "rest break" mentioned by Dr. Holladay as if Plaintiff would be required to stop working altogether for several minutes, which would significantly reduce or eliminate the jobs available. The interpretation that is more reasonably supported by the overall report and other context, including Plaintiff's own description of his ability to be on his feet for about an hour at a time, is that Plaintiff would have to stop *walking* for a bit after walking such a distance, and then continue later, not that Plaintiff would have to retire to a break room for recuperation after each such short walk. That condition is generally consistent with the ability to perform sedentary work.

Plaintiff next complains that the ALJ wrongly downgraded his pain to "mild to moderate" and did not address his complaints of tingling and lack of sensation.  An ALJ's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial evidence.  Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990). The ALJ recognized that Plaintiff did suffer pain and discomfort stemming from a "very serious permanent injury to his back and right leg"  that caused Plaintiff to be "very limited." Tr. 17.  The ALJ did not overlook the complaints of pain. He accepted them to a large extent but nonetheless concluded that Plaintiff should be able to make the adjustment to mere sedentary work, the least demanding form of work recognized in the regulations.  His determinations with respect to the extent of these subjective complaints is supported by

subjective evidence in the form of Dr. Holladay's report and the lack of evidence of continuing medical treatment for those problems.

Plaintiff argues that the ALJ's reference to his lack of continuing treatment is somehow an incorrect conclusion that Plaintiff is refusing medical treatment.  The court does not read the ALJ's decision in that manner.  The ALJ commented, after discussing the heart and accident-related hospitalizations, that Plaintiff "has not been treated for any medical problems related to these injuries since his discharge." Tr. 17.  That is an accurate statement, based on the record, and it is relevant to the disability analysis. The ALJ's observation does not include any implication that Plaintiff refused medical treatment that was offered or ordered.

Finally, Plaintiff argues that the ALJ should have consulted with a vocational expert. Such experts often testify in connection with step five, which asks whether the claimant is able to perform work, other than his past work, that is available in the economy.  The ALJ need not solicit such testimony, however, if the claimant does not have non-exertional impairments that significantly affect his RFC.  In such a case, the ALJ may satisfy his burden at step five by looking to the Guidelines for a finding that jobs are available that the person could perform.  Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).  The ALJ did not find any non-exertional impairments of that degree, and Plaintiff has not demonstrated error in that regard, so the ALJ was under no obligation to seek vocational expert testimony.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of February, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE